IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CURTIS STEWART, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-001240-AGF |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Missouri state prisoner Curtis Stewart, who is represented by counsel, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the matter will be stayed to allow Petitioner to exhaust all available state court remedies.

## BACKGROUND

The record establishes that, on October 25, 1991, Petitioner was sentenced to a term of life imprisonment without eligibility for parole for murder in the first degree. He was also sentenced to a 50-year term for each of two counts of armed criminal action, and a 15-year term for assault, all to run consecutively. Petitioner was a juvenile at the time he committed the offenses.

On or about May 11, 1992, Petitioner filed his pro se state motion for post-conviction relief under Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing. On August 3, 1993, the Missouri Court of Appeals affirmed the denial.

On June 25, 2012, the United States Supreme Court issued its decision in *Miller v. Alabama*, 567 U.S. 460 (2012), holding that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders. The Supreme Court reasoned that "[m]andatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences," the "family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional," the "circumstances of the homicide offense," and "the possibility of rehabilitation . . . ." *Id.* at 477-78.

On February 18, 2014, Petitioner filed a petition for writ of habeas corpus under Missouri Supreme Court Rule 91 ("Rule 91 petition") based on the *Miller* decision. He also asserted a claim of actual innocence based on the affidavits of two eyewitnesses to the crime for which he was convicted.

On January 25, 2016, while Petitioner's Rule 91 petition was pending, the United States Supreme Court held that *Miller* announced a new substantive constitutional rule that applied retroactively to cases on collateral review. *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016). The Supreme Court clarified that this retroactive application "does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A state may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than resentencing them." *Id.* As to this remedy, the Supreme Court cited a Wyoming statute that allows a juvenile convicted of homicide to be eligible for parole after 25 years

of incarceration. *Id.* (citing Wyo. Stat. Ann. § 6–10–301(c) (2013)). The Supreme Court specifically held that "[a]llowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment." *Id.*

On March 15, 2016, the Missouri Supreme Court issued an order that applied to Petitioner's case and other similarly situated cases ("March 15 order"). The March 15 order stated that the Missouri General Assembly had yet to enact a constitutionally valid sentencing provision in accordance with *Miller* and *Montgomery*. Thus, the Missouri Supreme Court held that Petitioner and those similarly situated would be eligible to apply for parole after 25 years' imprisonment on their sentences of life without parole unless their sentences were otherwise brought into conformity with *Miller* and *Montgomery* by the action of the governor or enactment of necessary legislation. The March 15 order also denied without prejudice "all other claims alleged in the petition and pending motion."

Following this ruling, Petitioner filed a motion for reconsideration or for resentencing. Then, on July 19, 2016, the Missouri Supreme Court entered an order ("July 19 order") vacating its March 15 order, overruling as moot the motions for reconsideration or resentencing filed by Petitioner and others, and denying Petitioner's and others' state court petitions for habeas corpus, all in light of the enactment of Missouri Senate Bill No. 590 ("S.B. 590"). S.B. 590, signed into law on July 13, 2016, and codified at Mo. Rev. Stat. § 558.047, states, in relevant part:

3

1. Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration.

. . . .

4. The parole board shall hold a hearing and determine if the defendant shall be granted parole.

5. In a parole review hearing under this section, the board shall consider, in addition to the factors listed in section 565.033:

    (1) Efforts made toward rehabilitation since the offense or offenses occurred, including participation in educational, vocational, or other programs during incarceration, when available;

    (2) The subsequent growth and increased maturity of the person since the offense or offenses occurred;

    (3) Evidence that the person has accepted accountability for the offense or offenses, except in cases where the person has maintained his or her innocence;

    (4) The person's institutional record during incarceration; and

    (5) Whether the person remains the same risk to society as he or she did at the time of the initial sentencing.

Mo. Rev. Stat. § 558.047. The additional factors listed in § 565.033 are:

   (1) The nature and circumstances of the offense committed by the defendant;

   (2) The degree of the defendant's culpability in light of his or her age and role in the offense;

   (3) The defendant's age, maturity, intellectual capacity, and mental and emotional health and development at the time of the offense;

   (4) The defendant's background, including his or her family, home,

and community environment;

(5) The likelihood for rehabilitation of the defendant;

(6) The extent of the defendant's participation in the offense;

(7) The effect of familial pressure or peer pressure on the defendant's actions;

(8) The nature and extent of the defendant's prior criminal history, including whether the offense was committed by a person with a prior record of conviction for murder in the first degree, or one or more serious assaultive criminal convictions; [and]

(9) The effect of characteristics attributable to the defendant's youth on the defendant's judgment . . . .

Mo. Rev. Stat. § 565.033.

On July 29, 2016, Petitioner filed this federal habeas petition, asserting four grounds for relief. In Ground One, Petitioner argues that the July 19 order, which embraced S.B. 590 and denied Petitioner's request for resentencing, violated the Eighth Amendment, the Due Process Clause, his right to Equal Protection, and separation of powers principles. Petitioner also maintains that directing him to seek relief from the parole board is, at best, little more than a theoretical chance for release.

In Ground Two, Petitioner maintains that his consecutive sentences in addition to his sentence of life without parole are tantamount to a life-without-parole term of incarceration, and the parole board has broad discretion to decline Petitioner's eligibility for parole without meaningfully considering mitigating factors. In Ground Three, Petitioner contends that the July 19 order denies him the right to a meaningful sentencing process, jury determination at sentencing, equal protection of the law, and the right to

5

counsel. Lastly, in Ground Four, Petitioner complains that the Missouri Supreme Court failed to address his actual innocence claim when it issued its summary blanket ruling in Petitioner's and others' cases.

Respondent argues that Petitioner's claims that S.B. 590 is unconstitutional or otherwise inadequate are not properly before the Court because they have not been exhausted in state court, in that Petitioner has neither petitioned for parole under S.B. 590 nor challenged S.B. 590 in state court. Respondent further argues that the Missouri Supreme Court did not violate *Miller* when it denied Petitioner's Rule 91 petition in light of S.B. 590 because Petitioner now has an avenue for recovery that comports with *Miller* and the factors that must be taken into consideration for sentencing juveniles for homicide offenses. Further, Respondent maintains that Petitioner's claims seek an expansion of existing United States Supreme Court precedent, and that the July 19 order was not an unreasonable interpretation or application of that precedent. Respondent also argues that Petitioner's actual innocence claim is not cognizable under federal law, and, nevertheless, such a claim would not meet the extraordinarily high threshold required to prevail upon such a claim.

## DISCUSSION

### Exhaustion

The Court may not grant habeas relief under 28 U.S.C. § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State," "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1). The petitioner

6

"has the burden to show that all available state remedies had been exhausted or that exceptional circumstances existed." *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998).

Here, the Court concludes that Petitioner has not met his burden. Like in *Williams v. Precythe*, the Court finds that Petitioner's claims "have been changed or broadened by the enactment of S.B. 590, and he has not met his burden to demonstrate that he has exhausted his claims or that exceptional circumstances exist that render the state habeas process ineffective." No. 4:16 CV 393 RWS, 2019 WL 1380042, at *2 (E.D. Mo. Mar. 27, 2019); *see also Davis v. Griffith*, No. 4:16-CV-377 CAS, 2017 WL 5518022, at *3 (E.D. Mo. Nov. 17, 2017) (holding that "none of petitioner's claims contained in the First Amended Petition for Writ of Habeas Corpus are exhausted because the enactment of Senate Bill 590 broadens petitioner's claims under *Miller* and *Montgomery* such that they have not been properly raised before the state courts"). Thus, Petitioners' claims contained in Grounds One, Two, and Three were never presented to a state court for adjudication. Moreover, a possible state court remedy has not yet been foreclosed, as Petitioner could raise these broadened claims by filing a petition under Missouri Supreme Court Rule 91. *See Davis*, 2017 WL 5518022, at *3 (detailing the potential availability of further state court proceedings in this context).

In addition, Petitioner's claims related to the parole board are based on a future application of S.B. 590 by the parole board, which has not yet occurred. *See McCombs v. Lewis*, No. 4:16 CV 356 CDP, 2019 WL 1275066, at *4 (E.D. Mo. Mar. 20, 2019). Thus, Petitioner's challenges to the constitutionality of his future parole hearing and how his

consecutive sentences will be resolved by the parole board are premature and not ripe for adjudication. *Id.* (citing *Hack v. Cassady*, No. 16-04089-CV-W-ODS, 2019 WL 320586, at *7 (W.D. Mo. Jan. 24, 2019)).

Lastly, Petitioner asserts an actual innocence claim, which he raised in his initial Rule 91 petition to the Missouri Supreme Court. The March 15 order did not address his actual innocence claim directly, instead generally dismissing without prejudice "any other claims" raised by the similarly-situated petitioners. The July 19 order thereafter vacated the March 15 order and summarily denied Petitioner's Rule 91 petition without addressing "any other claims" raised therein. Thus, the Court must determine whether Petitioner's actual innocence claim is properly before the Court.

"The language of 28 U.S.C. § 2254(d) makes it clear that this provision applies only when a federal claim was 'adjudicated *on the merits* in State court.'" *Johnson v. Williams*, 568 U.S. 289, 298 (2013) (emphasis in the original). Generally, § 2254(d) does not require a state court to give reasons before its decision can be deemed to be an adjudication on the merits. *Harrington v. Richter*, 562 U.S. 86, 100 (2011). Rather, when a federal claim has been presented to a state court and that state court denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. *Id.*

Here, Petitioner was included in a class of prisoners to which the March 15 and July 19 orders were intended to universally apply. Based on the Missouri Supreme Court's unique approach to these related cases, the Court finds that Petitioner's actual innocence claim was never adjudicated on the merits by any state court. Further, there

8

remains a state court remedy available to Petitioner by way of a Rule 91 petition to the Missouri Supreme Court. Accordingly, the Court concludes that Ground Four is unexhausted, and thus, the Court cannot reach the merits of the claim.

**Stay**

A district court may issue a stay where it would be "a proper exercise of discretion," and the petitioner has "good cause for [his] failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). In *Davis v. Bowersox*, *Williams v. Precythe*, and *Hack v. Cassady*, the court stayed the federal habeas action to avoid a situation where AEDPA's one-year statute of limitations would expire despite the petitioners' diligence. In *Williams*, the Court granted the stay despite the lack of a "mixed" petition, or a petition containing both exhausted and unexhausted claims. *See* 2019 WL 1380042, at *3.

Here, in light of the unique procedural history of Petitioner's case in state court, the Court finds that Petitioner's situation is one of the limited circumstances where a stay is appropriate. The absence of a stay would ensure that AEDPA's statute of limitations runs before Petitioner can return to federal court. *Hack v. Cassady*, No. 16-04089-CV-W-ODS, 2016 WL 6986712, at *2 (W.D. Mo. Nov. 28, 2016). Thus the Court will enter a stay in this case and direct Petitioner to pursue state remedies within a brief interval. *See Williams*, 2019 WL 1380042, at *3 (directing Petitioner to pursue state remedies within 30 days after the stay is entered and return to federal court within 30 days after state court exhaustion is completed).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that this action is **STAYED** until Petitioner Curtis Stewart exhausts his state court remedies. Stewart must pursue state court remedies within 30 days after this stay is entered and return to federal court within 30 days after state court exhaustion is completed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this case pending further Order by the Court.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2019.