UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS STEWART, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-01240-AGF |
| | ) | |
| MICHAEL S. BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Extension. (Doc. No. 34). In his Motion, Petitioner requests an extension of time before he is required to return to federal court due to obstacles in "filing his claims." For the reasons discussed below, the Court will grant Petitioner's Motion in part.

### Background

In 2016, Missouri state prisoner Curtis Stewart filed his federal habeas petition seeking relief under 28 U.S.C. § 2254. (Doc. No. 1). Following briefing as to the exhaustion, timeliness, and merits of Petitioner's alleged grounds for relief, the Court concluded Petitioner's claims were unexhausted. (Doc. No. 23). Given the unique procedural history of Petitioner's case in state court, the Court decided a stay was appropriate to allow Petitioner to pursue exhaustion of available state court remedies. The

Court instructed Petitioner to return to federal court within thirty days after state court exhaustion completed. (*Id.*).[1]

### Petitioner's Motion for Extension

.	In the instant Motion, Petitioner informs the Court that as of April 10, 2020, he has exhausted his state remedies. He further requests an extension of time, up to and including August 16, 2020, before he is required to return to federal court to pursue his claims under 28 U.S.C. § 2254. Petitioner requests an extension because he has limited access to law library materials, is unable to get assistance in "filing his claims," and does not have enough money to purchase necessary postage or stationery. Petitioner alleges he does not have the funds to purchase stamps or paper because the Missouri Department of Corrections ("MDOC") has been taking a majority of his state tip.

To begin, it is unclear to the Court what specifically Petitioner is requesting extra time to file. To the extent Petitioner is requesting additional time to file proof that he pursued his state court remedies to completion, the Court assumes Petitioner has that information available to him, and a substantial extension of time should not be necessary. Thus, insofar as Petitioner is requesting an extension to provide proof of exhaustion, the Court will grant the Petitioner a thirty day extension and will direct the Petitioner to file a memorandum with the Court that: (1) sets out that he filed his state habeas case pursuant to Missouri Supreme Court Rule 91; (2) lists the claims of relief he pursued in the case; (3) provides the docket number of the case; and (4) attaches a copy of the court's ruling in the case. Once Petitioner

---

[1] Following the stay, Petitioner twice requested extension to pursue his state court remedies. (Doc. Nos. 30, 32). The Court granted both of his motions for extension of time. (Doc. Nos. 31, 33).

files this memorandum, Respondent will have thirty days to respond with respect to whether Petitioner's claims have been exhausted.

However, if Petitioner is requesting an extension to file something different, the Court will direct him to file a motion explaining what he is moving the Court to allow him to file. If that is the case, Petitioner should file that motion in addition to the proof of state court exhaustion. Upon receipt of any such motion, the Court will then determine whether Petitioner has leave of the Court to file something other than proof of exhaustion.

Petitioner also claims that he cannot purchase needed stationary or postage because a majority of his state tip is being taken by MDOC. The Court recognizes that—under 28 U.S.C. § 1915(b)(2)—MDOC is required to remove twenty percent of Petitioner's funds when his account exceeds ten dollars. However, MDOC is not allowed to take money out of Petitioner's account if he has less than ten dollars. To the extent Petitioner is alleging that he does not have the funds necessary to purchase stationary or postage for this case, the Court will direct Petitioner to file a prison account statement along with an explanation as to why the amount he has is insufficient to purchase the needed materials. Upon receipt of that information, the Court will determine if a remedy is required.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Extension of Time (Doc. No. 34) is **GRANTED in part**. Petitioner shall file with the Court a memorandum proving the exhaustion of his state claims within **thirty (30) days** of this Order. The memorandum shall : (1) set out that he filed his state habeas case pursuant to Missouri Supreme Court Rule 91; (2) list the claims of relief he pursed in the case; (3) provide the docket number of the

case; and (4) have attached a copy of the court's ruling in the case.  Respondent shall file a response regarding exhaustion within **thirty (30) days** after Petitioner files his memorandum.

**IT IS FURTHER ORDERED** that, to the extent Petitioner is asking for an extension to file something other than proof of exhaustion, he shall file a motion with the Court explaining what he seeks to file within **thirty (30) days** of this Order.  If Petitioner does not wish to file anything other than proof of his exhaustion, then he does not need to file anything else.

**IT IS FURTHER ORDERED** that if Petitioner is asserting he is unable to obtain stamps or paper that he should provide the Court with his prison account statement along with an explanation as to why the amount of funds he has is insufficient within **twenty-one (21) days** of this Order.  Upon receipt of this information, the Court will determine what (if any) Court-ordered remedy is necessary.

_____
**AUDREY G. FLEISSIG**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of June, 2020.